**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4665**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

TIMOTHY SCOTT HUFFMAN,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00300-FDW-DSC-1)

_____

Submitted:  September 22, 2022                    Decided:  September 26, 2022

_____

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Brian M. Aus, BRIAN AUS ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Scott Huffman pled guilty, pursuant to a written plea agreement, to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). The district court sentenced Huffman to 168 months' imprisonment. On appeal, Huffman's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether trial counsel provided ineffective assistance. Although advised of his right to file a pro se supplemental brief, Huffman has not done so. We affirm.

Claims of ineffective assistance generally are not cognizable on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). To allow for adequate development of the record, a defendant must bring his ineffective assistance claims, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). An exception exists, however, if "an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because no conclusive evidence of counsel's ineffectiveness appears on the face of the record before us, we conclude that the "claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508. We therefore decline to address Huffman's claim.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Huffman, in writing, of the right to petition the Supreme Court of the United States for further review. If Huffman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

2

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Huffman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*